IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-00616-BNB-CBS

VLADIMIR SELIVERSTOV, and
GALINA SELIVERSTOV,

Plaintiffs,

v.

HUNTER DOUGLAS WINDOW FASHIONS, INC.,

Defendant.
_____

**ORDER**
_____

This matter is before me on the plaintiffs' **Motion ro Order of Contempt** [Doc. # 23, filed 1/13/06] (the "Motion"). The Motion seeks an order holding a non-party witness--Sue Vang--in contempt of court for failing to obey a deposition subpoena served on him. The Motion is DENIED because I find that the subpoena served on Mr. Vang does not comply with the requirements of Rule 45(a)(1)(D), Fed. R. Civ. P., and is invalid.

The "subpoena" served on Mr. Vang is signed by the plaintiffs' attorney, as permitted by Fed. R. Civ. P. 45(a)(3), but it is not on the court approved form. The text of the "subpoena," in its entirety, is as follows:

> GREETINGS: You are hereby commanded to appear and testify on
> January 10, 2006, at the hour of 10:00 a.m., at the office of Holland
> & Hart, located at 555 17th Street, Suite 3200, Denver, Colorado
> 80202 and to give testimony in a deposition at that time and place
> in the above captioned action. The deposition will be completed on
> that day.

> It is expected your deposition for the plaintiffs will take no longer
> than two hours your testimony for the defendant could take an
> equal amount of time.

The failure to utilize the court approved subpoena form is important for two reasons. First, it renders the subpoena invalid because the "subpoena" served on Mr. Vang fails to comply with Rule 45(a)(1)(D) which requires that the subpoena "set forth the text of subdivisions (c) and (d) of this rule." Subdivision (c) of Rule 45 sets forth provisions for the protection of persons subject to subpoenas, including the right of the subpoenaed party to serve an objection to the subpoena and the right of the subpoenaed party to move to quash the subpoena. See Fed. R. Civ. P. 45(c)(2)(B) and (3). Subdivision (d) explains the duties imposed on the party responding to the subpoena.

Second, the failure to use a court approved subpoena form may have caused Mr. Vang to not fully understand the significance of his failure to comply.

IT IS ORDERED that the Motion is DENIED.

Dated February 17, 2006.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge